(Reap. Dec. 10784)

PHOTO DEVICES, INC. *v.* UNITED STATES

Entry No. 1565.

(Decided June 29, 1964)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff. *John W. Douglas*, Assistant Attorney General (*Charles P. Deem*, trial attorney), for the defendant.

DONLON, Judge: The merchandise here consists of 10 special photographic lenses for microfilm recording, developed by Ernst Leitz (Canada), Ltd. The formula for this special lens is represented to be covered by their United States patent, issued March 21, 1961.

These 10 lenses were exported from Canada via American Airlines on March 17, 1961, just prior to issue of the letters patent. The lenses were unladed at Buffalo that same day. Consumption entry is dated March 21, 1961.

Appraisement was made on the basis of constructed value under section 402(d), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956. It was stipulated that these lenses are not an article that is enumerated in the final list (T.D. 54521), issued by the Secretary of the Treasury under the said Customs Simplification Act.

In its statement, filed pursuant to rule 15, plaintiff claimed that the lenses should be appraised on the basis of export value, at $119.50 United States currency per lens. On trial, plaintiff claimed, alternatively, that basis should be constructed value in the sum claimed as export value, namely, $119.50 United States currency per lens.

The official papers were received in evidence. The red-ink notation on the invoice, as to appraisement, is as follows:

> Appraised at CAN. $119.50 per each, net,
> packed, plus the sum of CAN. $4,500.00
>
> ADV.

While this does not reveal the statutory components of constructed value, and, therefore, may be inadequate to create a presumption as to the correctness of some one or more of the components of value under attack by plaintiff, it is at least evidence that appraised value was $5,695 Canadian currency, for the 10 lenses, as against the entered value of $1,199.10 United States currency.

It appears that plaintiff does not press its claim for appraisement in United States currency. While it might have been shown that sales for export from Canada were in United States currency, and, hence, appraisement on the basis of export value in that currency

would not be improper, I know of no precedent for valuing in United States currency constructed value in a foreign country. In any case, plaintiff's proofs here make it clear that sales of these lenses for export were in Canadian currency. As to that facet of the case, I find, on either basis, that the appraiser was justified in valuing these lenses in Canadian currency.

As to basis of appraisement, plaintiff, in its brief, formally abandoned the claim for export value, and relies here solely on acceptance of constructed value as the correct basis, but contends that the correct amount of constructed value of these lenses is the invoice unit price, viz, $119.50 each, or $1,195. Inasmuch as plaintiff accepts the appraiser's basis of valuation, and I have resolved the issue as to currency, the only remaining issue is whether plaintiff has shown by competent proofs that the statutory components of constructed value are such as to result in some other value. I find that plaintiff has not sustained this burden of proof.

Plaintiff has introduced no proofs as to any of the statutory components of constructed value. Probably it is excused from this duty save only as to the costs to be determined under section 402(d)(1), the value component that is in dispute.

If it is plaintiff's contention that there was no tooling or developmental expense in connection with fabrication of these lenses, which is to be deemed part of cost within the scope of section 402(d)(1), it is difficult to find proofs in support of such contention. Plaintiff argues that it has shown that it paid $4,500 for an exclusive distributorship in the United States, finalized some months after this importation; but plaintiff does not even argue that it has shown what the cost items were that properly are to be included in the value component of section 402(d)(1).

Plaintiff relies on two contracts that were received in evidence, and on the testimony of plaintiff's president. The first contract is a letter agreement, dated May 30, 1961, addressed to plaintiff and signed for Ernst Leitz (Canada), Ltd., by W. G. Kluck. (Exhibit 1.) The second contract is a letter agreement, dated October 24, 1962, addressed to plaintiff and signed for Ernst Leitz (Canada), Ltd., by W. G. Kluck. (Exhibit 2.) The latter was received over defendant's objection. The proffer of exhibit 2 was made by plaintiff, on the ground that it is a modification of the agreement of May 30, 1961 (exhibit 1) and, thus, has bearing on the nature of the $4,500 payment which was made by plaintiff to Leitz.

Granted that it may have such a bearing, it also shows that there was some sort of relationship, or connection, between payment for the so-called exclusive distributorship, the commissions that were

to be paid in rebate of that payment, and the further fact that Leitz had developmental expenses of at least $4,500.

In the first agreement (exhibit 1), plaintiff "agrees to pay a fixed amount of Can. $4,500.00 to cover tooling costs * * *." The following is a paragraph of the second agreement (exhibit 2):

During our final discussions you have asked us to investigate the possibility of extending a commission on all sales of ELCAN f/2 2'' lenses to Eastman-Kodak beyond the $4500.00 amount. After due consideration we are sorry to advise that we will not be in a position to go beyond the offer already made. The reason is that so far we have not been able to recover of [sic] any of our development costs and only after we have paid Photo Devices Inc. the amount of $4500.00 will we be able to realize any appreciable amount on our original investment.

Whether or not plaintiff paid $4,500 for an exclusive distributorship, is not the issue here. The issue is whether there were developmental expenses in Canada, such as tooling, which properly form part of the cost of fabricating these lenses. Defendant included $4,500 for such costs, as a part of cost of fabrication, in arriving at the constructed value of the lenses. Plaintiff has not proved either that there were not any such expenses, or that some other figure more accurately reflects such expense to be included under section 402 (d) (1). The proofs which plaintiff introduced support defendant's contention that there were such costs, at least equal to $4,500. (Exhibit 2.)

Plaintiff cites *F. P. Dow, Inc.* v. *United States*, 51 Cust. Ct. 440, Reap. Dec. 10616, and quotes extensively from that opinion in support of its argument that the amount paid by plaintiff is not part of constructed cost in Canada. I do not hold that it is, although exhibit 1 might appear to support such a holding. I do hold that plaintiff has not shown that the tooling, or developmental, costs included by the appraiser as part of the cost of fabricating these lenses, were either nonexistent or should have been included only in some lesser amount.

Plaintiff's proofs and arguments as to price of the lenses are irrelevant to the computation of constructed value. Price does not enter into constructed value.

Plaintiff has not borne its burden of proof.

I find as facts:

1. That the merchandise of this appeal consists of 10 special photographic lenses, manufactured and exported from Canada by Ernst Leitz (Canada), Ltd., on March 17, 1961.

2. That the lenses herein are not an article identified on the final list of the Secretary of the Treasury (T.D. 54521) issued pursuant to the Customs Simplification Act of 1956; therefore, they are to be appraised under section 402 of the Tariff Act of 1930, as amended by said Customs Simplification Act.

3. That, on or about the date of exportation, such or similar merchandise was not freely sold or offered for sale in Canada for exportation to the United States.

4. That, on or about the date of exportation, such or similar merchandise was not freely sold or offered for sale for domestic consumption in the United States.

5. That the lenses were appraised on the basis of constructed value at $5,695, in Canadian currency.

6. That the manufacturer, Ernst Leitz (Canada), Ltd., entered into an agreement with plaintiff, whereby plaintiff became exclusive distributor of these lenses in the United States, and agreed to pay tooling costs in the sum of $4,500 (Canadian currency) incident to production of the lenses.

I conclude as matters of law:

1. That, at the time of exportation, there was no export value or United States value for the lenses, subject of this appeal, as those values are defined in section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

2. That constructed value, as defined in section 402(d), as amended, is the proper basis of appraisement of such merchandise.

3. That the cost of tooling for production of an article is an item of constructed value under section 402(d), as amended.

4. That plaintiff has not proven that there were no such tooling costs, or that the sum thereof used by the appraiser, viz, $4,500, was not correct.

5. That the statutory constructed value of the lenses of this appeal is the appraised value.

Judgment will be entered accordingly.